UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE J. VISNER,

                    Petitioner,                  Case No. 2:19-cv-11424
                                            Hon. Arthur J. Tarnow

v.

MELINDA BRAMAN, ET. AL,

                    Respondents.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Michigan inmate Theodore J. Visner files this petition for writ of habeas corpus under 28 U.S.C. §2254. Petitioner was convicted in the Bay Circuit Court after a jury trial of six counts of commission of a felony with a firearm and associated narcotics offenses. According to Petitioner, he was sentenced on December 10, 2018, to one day for the narcotics offenses (which was later reduced to a fine), and two years' imprisonment for the firearm offenses.

Petitioner claims that he was convicted without valid charges being filed against him. Petitioner denies that he filed any form of State appellate or collateral relief, asserting that "[State] remedies are not available in these cases because these are state created dangers and harms already. I have been assured that appellate resolution, if ever available, would take decades." Dkt. 1 at 14.

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* The district court can raise exhaustion on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Petitioner did not exhaust his state court remedies with respect to any of his claims because he never filed an appeal in the Michigan appellate courts. While Petitioner asserts that his failure to exhaust his state court remedies should be excused because any state appeal would be futile, "[a Petitioner] may not bypass the state courts simply because he thinks they will be unsympathetic to [his] claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). If Petitioner's direct appeal becomes time-barred, he may still file a motion for relief from judgment in the trial court under Michigan Court Rule 6.501.

Accordingly, the Court will dismiss the petition without prejudice because Petitioner has failed to exhaust his state court remedies.

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED**, that permission to appeal in forma pauperis is **DENIED** because any appeal of this order would be frivolous. 28 U.S.C. § 1915(a)(3).

_s/Arthur J. Tarnow_____
Arthur J. Tarnow
United States District Court

Dated:  _June 12, 2019___